# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4402 | **DATE** | February 11, 2004 |
| **CASE TITLE** | Central States, et al. v. A-P-A Transport | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiffs' motion for summary judgment [19-1] is granted. Plaintiffs' motion to voluntarily dismiss without prejudice defendant Valkyrie Air Corp. [ ] is granted. Plaintiffs may prepare a draft judgment order in accordance with this memorandum opinion (supported by affidavits as to fees and costs), submit it to opposing counsel for any objections as to form, and submit a final draft order to the court by February 27, 2004. ENTER MEMORANDUM OPINION.

(11) [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| X | Notices MAILED by judge's staff. | | FEB 12 2004 | |
| | Notified counsel by telephone. | | date docketed | 27 |
| | Docketing to mail notices. | | IS | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to _____ | | 2/11/04 | |
| | | | date mailed notice | |
| KAM | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | KAM mailing deputy initials | |
| | | (Reserved for use by the Court) | | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND and HOWARD McDOUGALL, Trustee,  Plaintiffs, v. A-P-A TRANSPORT CORP., et al., Defendants. | FEB 12 2004  No. 02 C 4402 |

## MEMORANDUM OPINION

Before the court is plaintiffs' motion for summary judgment. For the reasons stated below, the motion is granted.

## BACKGROUND

Defendant A-P-A Transport Corporation ("APA") ceased operations on February 22, 2002. Prior to this date, APA had been an employer contributing to plaintiff Central States, Southeast and Southwest Areas Pension Fund (the "Fund"), a multiemployer pension plan. When APA ceased operations, it effectuated a "complete withdrawal" from the Fund within the meaning of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1383. When an employer withdraws from a multiemployer plan, the employer becomes immediately liable for its proportionate share of unfunded vested benefits. See 29 U.S.C. § 1381; Trustees of the Chicago



Truck Drivers, Helpers & Warehouse Workers Union (Indep.) Pension Fund v. Rentar Indus., 951 F.2d 152, 153 (7th Cir. 1991).

ERISA provides that upon withdrawal, a multiemployer pension fund shall "determine the amount of the employer's withdrawal liability, notify the employer of the amount of the withdrawal liability, and collect the amount of the withdrawal liability from the employer." 29 U.S.C. § 1382 (numerals omitted). Here, the Fund calculated the withdrawal liability of APA and the companies under "common control" with APA (collectively, "defendants," see infra note 1) to be $1,988,780.03, and notified defendants of that amount.[1] Thereafter, defendants requested, pursuant to 29 U.S.C. § 1399(b)(2)(A), that the Fund review its withdrawal liability determination. The Fund reaffirmed its assessment. Defendants then initiated an arbitration proceeding, which is currently pending.

The Fund and its trustee (collectively, "plaintiffs") subsequently filed the instant action to collect interim withdrawal

---

[1] Plaintiffs have also named as defendants A-P-A Truck Leasing Corp., Merlin Development Corp., Remus Realty Corp. a/k/a Arcorp Properties, Palatine Realty Corp., India Cliff Development Corp., Cliff Top, Inc. a/k/a Port Imperial Golf, A-P-A World Transport Corp., Imperatore Nurseries Corp., Arthurex Realty Corp., Imper Realty Corp., Imper Realty, L.L.C., AEI-Orange Realty Corp., Hadrian Properties, L.L.C., Galaxy Limited, L.L.C., A-P-A Yacht Charter Corp., and Valkyrie Air Corp. ("Valkyrie"), as entities under the "common control" with APA and thus liable for the pension obligations.

In their briefs, plaintiffs note that defendant Valkyrie denies being in common control with APA. Plaintiffs therefore move to dismiss Valkyrie without prejudice. Defendants do not object. Accordingly, plaintiffs' motion is granted.

liability payments from defendants. Plaintiffs now move for summary judgment.

## DISCUSSION

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In considering such a motion, the court construes the evidence and all inferences that reasonably can be drawn therefrom in the light most favorable to the nonmoving party. See Pitasi v. Gartner Group, Inc., 184 F.3d 709, 714 (7th Cir. 1999).

The law regarding defendants' responsibility to make interim payments of their withdrawal liability is clear. While the parties' arbitration proceeds, defendants must either pay the entire sum of their withdrawal liability or make periodic payments in an amount determined by the trustees. See Trustees of the Chicago Truck Drivers, Helpers & Warehouse Workers Union (Indep.) Pension Fund v. Central Transport, Inc., 935 F.2d 114, 116 (7th Cir. 1991) (citing 29 U.S.C. §§ 1399(c)(2), 1401(d)).[2] Defendants acknowledge as much but contend that we should exercise our

---

[2] The statutory scheme "puts payment ahead of [an arbitration] decision. . . . Congress created an obligation to make payments on withdrawing from underfunded multiemployer pension plans. It ordered employers to pay on demand. All the judge must decide in an action to collect the interim payments is who holds the stakes during resolution of the dispute." Central Transport, 935 F.2d at 118 (citations omitted).

"equitable discretion" to deny plaintiffs summary judgment because of the "unique facts" of this case. (Response at 4.)[3] According to defendants, this case is unique because, while APA does not have "liquid assets" available to satisfy its withdrawal liability, it does have valuable real property that it is currently attempting to sell. (Response at 3-5.)

Unfortunately for defendants, we have no general equitable power to excuse interim payments. See Central Transport, 935 F.2d at 119. Furthermore, there is only one narrow exception to the interim payment requirement for cases where an employer can show both that a pension fund lacks a colorable claim and that the employer would be irreparably harmed by an order compelling interim payments. See id.; Rentar, 951 F.2d at 155. Defendants cannot, and do not attempt to, establish either prong of the exception. Summary judgment for plaintiffs is thus appropriate.

Plaintiffs seek interest on the interim payments and liquidated damages plus attorney's fees and costs. Defendants do not appear to object to awards of interest, costs, or attorney's fees (and even if they did, we would award them for the reasons outlined infra), but they do argue that we should exercise our "equitable discretion" to deny the request for liquidated damages.

---

[3] Defendants cite three opinions that purportedly stand for the proposition that we have this general discretion, none of which in fact do.

The Fund is entitled to liquidated damages; defendants must pay them as a penalty for "deciding not to make installment payments until being ordered to do so by a court." See Chicago Truck Drivers, Helpers & Warehouse Union (Indep.) Pension Fund v. Century Motor Freight, Inc., 125 F.3d 526, 534 (7th Cir. 1997). Defendants are also liable for interest on the missed installment payments, accruing from the due date of each payment. See id. at 535.

We believe that plaintiffs are also entitled to reasonable attorney's fees and costs. "ERISA makes it clear that an employer withdrawing from a multiemployer pension fund must pay withdrawal liability to the Fund, and [Seventh Circuit] cases make it equally clear that interim payments must be made pending arbitration." Central States, Southeast & Southwest Areas Pension Fund v. Wintz Properties, Inc., 155 F.3d 868, 876 (7th Cir. 1998). Despite this clear mandate, defendants refused to make those payments, and thus made it necessary for plaintiffs to file this action.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion for summary judgment is granted. Plaintiffs' motion to voluntarily dismiss without prejudice defendant Valkyrie Air Corp. is granted.

Plaintiffs may prepare a draft judgment order in accordance with this memorandum opinion (supported by affidavits as to fees and costs), submit it to opposing counsel for any objections as to

form, and submit a final draft order to the court by February 27, 2004.

DATE: February 11, 2004

ENTER: _____
John F. Grady, United States District Judge